UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JUAN D. THOMAS, JR.,<br><br>  Plaintiff,<br><br>vs.<br><br>ZACHARY RUNGE, Correctional Officer at South Dakota State Penitentiary, in his individual capacity; ISSAC BOYER, Correctional Officer at South Dakota State Penitentiary, in his individual capacity; KAILEY BRUNZ, Correctional Officer at South Dakota State Penitentiary, in her individual capacity; DR. AARON HAYNES, Medical Director at South Dakota Department of Corrections, in his individual capacity; DESIRAE KUMMER, Medical Charge Nurse at South Dakota State Penitentiary, in her individual capacity; STEPHANIE RAMSDELL, Housing Sergeant at South Dakota State Penitentiary, in her individual capacity; MICHAEL BIGGINS, Senior Correctional Officer at South Dakota State Penitentiary, in his individual capacity; JOSEPH ROEMMICH, Warden at South Dakota State Penitentiary, in his individual and official capacity; and KELLIE WASKO, Secretary of Corrections at South Dakota Department of Corrections, in her individual and official capacity,<br><br>  Defendants. | 4:25-CV-04153-CCT<br><br><br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiff, Juan D. Thomas, Jr., an inmate at the South Dakota State

Penitentiary, filed a pro se civil rights lawsuit. Docket 1. The Court granted

Thomas's motion for leave to proceed in forma pauperis and ordered him to pay an initial partial filing fee. Docket 5. Thomas has paid the initial partial fee, but none of the defendants have been served because the Court has not completed the screening required by 28 U.S.C. § 1915A.

Thomas has filed a motion for preliminary injunction requesting that the Court enjoin the Secretary of Corrections and the Warden of the South Dakota State Penitentiary form enforcing "revised DOC policy #500-06 that concerns legal mail that became effective July 1, 2025." Docket 12 at 2. Thomas requests that "the named Defendants be ordered to revert to the pre-July 1, 2025[1] policy and provide inmates with original legal mail and not photocopies." *Id.*

Because none of defendants have received notice of this lawsuit or Thomas's request for preliminary relief, the Court first considers whether a temporary restraining order should issue. Rule 65(b) allows this Court to issue a temporary restraining order without notice if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice[.]" Fed. R. Civ. P. 65(b). "A temporary restraining order under Rule 65(b) is to prevent immediate and irreparable harm and typically to preserve the status quo until the Court can hear from both sides." *Inst. for Free Speech v. Jackley*, 340 F. Supp. 3d 853, 858 (D.S.D. 2018).

---

[1] Thomas commenced this action after the policy he now challenges became effective. Thus, Thomas seeks a mandatory, rather than a prohibitory, injunction.

Here, Thomas has filed no affidavit or verified complaint to show that immediate and irreparable harm will result before the adverse party can be heard on the matter. He has not certified that he has made any effort to notify defendants or the South Dakota Attorney General's office of his request for preliminary relief. The focus in considering a temporary restraining order is whether the moving party "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Thomas has failed to satisfy the requirements of Rule 65(b) for issuing a temporary restraining order by failing to file an affidavit or verified complaint clearly demonstrating likelihood of immediate and irreparable harm, certify what efforts were made to give defendants notice of the request, or explain why relief should enter before they receive notice.

To the extent Thomas's motion is considered one seeking a preliminary injunction under Rule 65(a) of the Federal Rules of Civil Procedure, Thomas does not satisfy the *Dataphase* factors for injunctive relief. A preliminary injunction is an "extraordinary and drastic remedy[.]" *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (citation omitted). Thomas, the party seeking preliminary relief, bears the burden of establishing the elements necessary for relief. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). Whether a preliminary injunction should issue is decided by weighing the four *Dataphase* factors: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on the

other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc).

The purpose of preliminary relief, such as a temporary restraining order or preliminary injunction, is to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the merits of the complaint. *Id.* at 113 n.5 (citation omitted). "But where the injunction, like the one requested by [Thomas], is mandatory . . . like a mandamus, such relief should be granted sparingly." *Noem v. Haaland*, 542 F. Supp. 3d 898, 911 (D.S.D. 2021) (alternation in original) (internal quotation omitted). "The burden on the movant is particularly demanding for a mandatory injunction because 'granting the preliminary injunction will give the movant substantially the relief [he] would obtain after a trial on the merits." *Id.* (quoting *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998)); *see also Flandreau Santee Sioux Tribe v. U.S. Dep't of Agric.*, No. 4:19-CV-04094-KES, 2019 WL 2394256, at *2 (D.S.D. June 6, 2019) ("It is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits." (quotation omitted)). A mandatory preliminary injunction should not be granted unless the movant has shown that "the balance of other factors tips *decidedly* toward the movant." *Haaland*, 542 F. Supp. 3d at 911 (quoting *United Indus. Corp.*, 140 F.3d at 1179).

In a prison setting, a request for a preliminary injunction "must always be viewed with great caution because 'judicial restraint is especially called for

in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Because Thomas has not met his burden of demonstrating that the *Dataphase* factors tip *decidedly* in his favor, it is ORDERED that his motion for preliminary injunction, Docket 12, is denied.

Dated February 26, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE